# HENRY   CURTIS

## V.

## ABNER M. WRIGHT ET AL.

*Gaming—Board of Trade—Options—Commission—Suit to Recover—Evidence—Instructions.*

1.   Whether or not in a given case, deals upon the Board of Trade were gambling transactions, is for the jury to decide in view of all the evidence, and in the absence of error of law their finding is conclusive.

2.   The facts that the person so dealing never received and paid for, and never delivered any of the products bought or sold, and that his deals would aggregate a large amount, are proper to go to the jury in connection with other evidence, but are not conclusive that such deals were gambling transactions.

3.   In an action brought to recover a balance on account of commissions and money advanced, claimed to be due from defendant to plaintiffs for certain transactions in grain and produce on the Board of Trade, this court holds that an instruction in behalf of defendant touching the transaction of business upon the board through brokers was properly refused, and declines to interfere with the judgment for the plaintiffs.

[Opinion filed May 5, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. J. P. ALTGELD, Judge, presiding.

Messrs. BARNUM, EVANS & BARNUM and D. V. SAMUELS, for appellant.

Messrs. FRANCIS A. RIDDLE and JOHN S. STEVENS, for appellees.

MORAN, P. J.   This action was brought to recover a balance on account of commissions and money advanced, claimed to be due from appellant to appellees for certain transactions in grain and produce on the Chicago Board of Trade.   On the trial before a jury appellees recovered a verdict for the amount of the claim, and from the judgment entered thereon this appeal is prosecuted.

Appellant claims that the transactions conducted by appellees for him on the Board of Trade were gambling deals; that all the sales and purchases were made with the understanding that there should be no receipt or delivery of the particular commodity dealt in, but that all transactions were to be settled on differences. Appellees deny this and insist that the business conducted for appellant was legitimate and *bona fide* and was an actual buying and selling of products for future delivery. Upon this issue of fact, the parties were by themselves and their witnesses before the jury, upon a very full presentation on both sides of the conversations of the parties and their correspondence before and during the time of the transaction of the business, as well as all the circumstances having any legitimate tendency to throw light on the general course of dealing, and also on particular transactions.

If there was no error of law, the verdict must be taken as determining that the business done was regular and lawful, and was not gambling or dealing in options, in the sense that such dealings are forbidden by law. It is urged upon us that the verdict is clearly against the weight of the evidence. The fact cited as conclusive is, that appellant never received and paid for, and never delivered any of the products bought or sold, and that his deals would aggregate a large amount. Such facts are proper to go to the jury in connection with all the other evidence, but they are by no means conclusive that the transactions are gambling transactions, and may, in any given case, have but very slight significance. It may be true, if a course of dealing is carried on on the Board of Trade in the most perfect good faith, that the parties dealing will not be called on to receive or deliver the actual product bought or sold. One may sell and contract to deliver, with the valid intention of delivering the article to the purchaser, but by transactions by himself and by other dealers, the sale may be offset against a purchase of a similar option, and rung up and settled in the clearing house without the actual receipt or delivery by the particular dealer of the articles bought or sold. What is true of one such contract is true of a hundred or a thousand others, and it is not correct to say that

Curtis v. Wright.

there is no actual wheat or other product in such a series of "rung up" transactions. One lot of wheat, when the deals come to be rung up, will serve to satisfy the obligations of many different purchasers or sellers. Therefore, in carrying out transactions made on the Board of Trade, in strict accordance with its rules, and with the law and in good faith, it may, and as a rule will, happen that the contracts are closed out and settled without a given dealer being called on to receive under his contract to purchase, or to deliver under his contract of sale. Unless we are prepared to hold that all such transactions on the board are in violation of law and gambling transactions, we can not hold that the fact that there are no deliveries of grain sold, is conclusive evidence that when the parties made the sale they did not intend to deliver. The court gave to the jury, of his own motion, instructions which, we think, correctly stated the law on every material point in the case. Complaint is made that the court refused appellant's instruction number 5, and gave the contrary thereof, in his own instructions to the jury. Said instruction 5 is as follows:

"The jury are further instructed, that if a person employs a broker to transact business for him upon the market, with the usages of which the principal is unacquainted, he gives authority to the broker to make contracts upon the footing of such usages only, providing they are such as regulate the mode of performing the contract and do not change their intrinsic character. Unless you believe from the evidence that the defendant, Curtis, had competent knowledge of the rules, regulations and usages of the Board of Trade relating to the settlement of contracts, by offsets, and relating to the exchange and substitution of contracts, then Henry Curtis was not and is not bound by such rules, regulations and usages; nor in that case could or did any substituted, exchanged or offset contract, if any were made by the plaintiff for him, supplant or take the place of any original contracts, if any were made by the plaintiffs for him, upon said Board of Trade."

This court is committed to the contrary of the proposition

announced in said instructions, and we must therefore hold that there was no error in refusing to give it to the jury. Oldershaw v. Knoles, 4 Ill. App. 63; same case on second appeal, 6 Ill. App. 325.

Complaint is made that appellant was allowed to inquire as to the meaning of certain marks in the form of crosses appearing in appellee's books, which were introduced in evidence. Appellant was afforded the fullest latitude of examination as to all marks or entries in the books found in his account as shown therein. He was not permitted to inquire into other accounts, which were not claimed to have any relation to his transactions. We think there was no error in such ruling.

There are other errors assigned which do not require further discussion than to say that we have considered them all, and do not think that they present any question which requires the reversal of this case.

The judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*